## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **ROXANNE EMERSON** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **ROBIN GEIGLEY and** | § | |
| **CLEAN HARBORS** | § | |
| **ENVIRONMENTAL SERVICES, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, Roxanne Emerson, files this, her Original Petition, complaining of and against Defendants, Robin Geigley ("Geigley") and Clean Harbors Environmental Services, Inc. ("Clean Harbors", and, in support thereof, respectfully shows this Honorable Court the following:

### A.  PARTIES

1.     Plaintiff Roxanne Emerson, an individual, is a citizen of the State of Texas, residing in Cleveland, Liberty County, Texas.

2.     Defendant Robin Geigley, an individual, is a citizen of the State of Massachusetts. He may be served with process at 42 Long Water Drive, Norwell, Massachusetts 11612, or wherever he may be found.

3.     Defendant Clean Harbors Environmental Services, Inc. is a foreign corporation formed pursuant to the laws of the State of Massachusetts and has its principal place of business at 42 Long Water Drive, Norwell, Massachusetts, 11612.  Accordingly, it is deemed to be a citizen of the State of Massachusetts.  It may be served with summons by serving its registered agent for service CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, by certified mail, return receipt requested.

## B.  JURISDICTION AND VENUE

4.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the named Plaintiff and all named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## C. AGENCY/RESPONDEAT SUPERIOR

6.      Whenever it is alleged in this Petition that Defendant did any act or thing, it is also meant that its agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, did such act or thing and, at the time such act or thing was done, it was done with Defendant's authorization or was done in the normal routine course of the agency or employment of Defendant.

## D. FACTS

7.      This lawsuit results from a motor vehicle collision occurring on or about April 20, 2021 in Cleveland.  When the collision occurred, Plaintiff was lawfully traveling westbound on Belcher Street.  Defendant Robin Geigley was the driver of a commercial motor vehicle that was at the stop sign at the intersection of the US Highway 59 Feeder Road and Belcher Street.  Plaintiff proceeded through the intersection and stopped on the overpass behind normal traffic.  Defendant Geigley failed to yield the right of way, turned left improperly, and collided with Plaintiff's vehicle causing the collision made the basis of this lawsuit and injuring Plaintiff.  The collision made the basis of this lawsuit proximately caused Plaintiff's injuries and damages as set forth below.

8.      At all times material hereto, Defendant Geigley was employed by Defendant Clean

Harbors and was acting at Defendant Clean Harbors' direction and for Defendant's benefit.

9.      At all times material hereto, Defendant Geigley was in the course and scope of his employment with Defendant Clean Harbors.

10.     At all times material hereto, Defendant Geigley was engaged in the furtherance of Defendant Clean Harbors' business.

11.     At all times material hereto, Defendant Geigley was engaged in accomplishing a task for which he was employed by Defendant Clean Harbors.

12.     At all times material hereto, Defendant Geigley was negligent in the operation of the vehicle owned/leased by Defendant Clean Harbors.

### E.  PLAINTIFF'S CLAIMS AGAINST DEFENDANT ROBIN GEIGLEY

13.     The incident made the basis of this suit and Plaintiff's resulting injuries were proximately caused by the negligent conduct of Defendant Geigley. The acts of negligence/negligence *per se* of Defendant Geigley include, but are not limited to, the following:

        a.      Failing to yield the right of way;

        b.      Failing to properly turn left;

        c.      Failing to maintain such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

        d.      Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;

        e.      Failing to drive the commercial motor vehicle he was operating in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code, in violation of 49 C.F.R. § 392.2, and resulting in negligence *per se*;

        f.      Failing to take such evasive action as a person of ordinary prudence, exercising ordinary care, would have done to avoid the collision;

        g.      Driving in willful and wanton disregard for the safety of persons and/or property thereby violating Tex. Transportation Code § 545.401(a);

      h.      Violating the Texas Transportation Code and Federal Motor Carrier Safety Regulations in other respects to be determined constituting negligence *per se.*

14.      Each and all of these acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### F.  LIABILITY OF DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

15.      Defendant Geigley was an employee/statutory employee of Defendant Clean Harbors and was in the course and scope of his employment at the time of the collision. The negligence/negligence *per se* of Defendant Geigley is therefore imputed to Defendant Clean Harbors. The negligence/negligence *per se* of Defendant Clean Harbors, directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine *respondeat superior.*

16.      In the alternative, Defendant Clean Harbors is responsible for the negligent acts and/or omissions of Defendant Geigley because at the time and place in question Defendant Geigley was operating a commercial vehicle under Defendant Clean Harbors' US DOT authority and he, as well as Defendant, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. §376.12 (c) (1). Accordingly, at all relevant times hereto, Defendant Geigley was a statutory employee of Defendant  Clean Harbors, and Plaintiff Emerson is a member of the class of persons 49 C.F.R. §376.12 (c) (1) was designed to protect.

### I.  Negligent Hiring

17.      Plaintiff alleges herein that Defendant Clean Harbors was negligent in the hiring of

Defendant Geigley, in that Defendant Clean Harbors knew, or in the exercise of reasonable care should have known, that Defendant Geigley was unfit or unqualified for a position that would require him to safely operate commercial motor vehicles. Further, Defendant Clean Harbors failed to do a proper background check, failed to make sure that Defendant Geigley had the skills necessary to safely operate a commercial motor vehicle, and failed to comply with the minimum safety standards concerning hiring contained within the Federal Motor Carrier Safety Regulations and industry safety standards. Further, Defendant Clean Harbors knew, or in the exercise of reasonable care should have known, that Defendant Geigley had not been provided adequate, if any, training by Defendant  concerning the safe operation of a commercial motor vehicle.

18.     The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

**II. Negligent Training**

19.     Plaintiff alleges herein that Defendant Clean Harbors was negligent in the training of its employee, Robin Geigley, in the following particulars:

     a.     Defendant Clean Harbors knew, or in the exercise of reasonable care should have known, that Defendant Geigley was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles;

     b.     Defendant Clean Harbors failed to properly train and/or instruct its employee, Defendant Geigley, for the job he was to perform and for the safe operation of a commercial motor vehicle; and

     c.     Defendant Clean Harbors failed to instruct or train its employee, Defendant Geigley, concerning the commercial motor vehicle and allowed its employee to drive a commercial motor vehicle when it knew, or should have known, that the employee was not capable of, or qualified in, operating the vehicle safely and prudently.

20.     Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### III. Negligent Supervision

21.     Plaintiff alleges herein that Defendant Clean Harbors was negligent in the supervision of its employee, Defendant Geigley, in the following particulars:

       a.     Defendant Clean Harbors knew, or in the exercise of reasonable care should have known, that Defendant Geigley was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle;

       b.     Defendant Clean Harbors failed to supervise Defendant Geigley for the job that he was to perform; and

       c.     Defendant Clean Harbors failed to supervise its employee, Defendant Geigley, on the date of the incident in question, and allowed, or failed to prevent, Defendant Geigley from operating a commercial motor vehicle in an unsafe manner on Defendant Clean Harbors' behalf, for its benefit, and for its monetary profit.

22.     Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### IV. Negligent Retention

23.     Plaintiff alleges herein that Defendant Clean Harbors was negligent in the retention of Defendant Geigley as a commercial motor vehicle driver, in that Defendant Clean Harbors knew, or in the exercise of reasonable care should have known, that Defendant Geigley was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle.

Further, Defendant Clean Harbors knew, or in the exercise of reasonable care should have known, that Defendant Geigley had not been provided adequate, if any, training by Defendant Clean Harbors concerning the safe operation of a commercial motor vehicle. Despite this actual or constructive knowledge, Defendant Clean Harbors negligently and gross negligently retained Defendant Geigley from the date on which he was hired until and including the date of the incident in question. During that time, Defendant Clean Harbors allowed Defendant Geigley to operate, or failed to prevent Defendant Geigley from operating, in an unsafe manner a commercial motor vehicle on Defendant Clean Harbors' behalf, for Defendant Clean Harbors' benefit, and for Defendant Clean Harbors' monetary gain.

24.     Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## G.  DAMAGES

25.     Plaintiff, as a direct and proximate result of the negligent conduct of Defendants, sustained bodily injuries.  Plaintiff believes that some of her injuries are permanent in nature and have had serious effects on her health and well-being.  It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expenses in the past and, in all reasonable medical probability, it is likely that she will incur reasonable and necessary medical expenses for the treatment of her injuries in the future.  In connection with such injuries, Plaintiff suffered physical pain and mental anguish in the past, is suffering at the present, and in all reasonable probability will continue to suffer such physical pain and mental anguish in the future. Plaintiff sustained past physical impairment and, in all reasonable probability, will continue to suffer physical impairment

in the future. Plaintiff sues for the recovery of past and future medical expenses, physical pain and mental anguish, and physical impairment; all in an amount in excess of the minimum jurisdictional limits of this Court.

26.     Plaintiff seeks fair and reasonable compensation for her damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## H. GROSS NEGLIGENCE

27.     The negligence of Defendants as alleged above was of such character as to make the Defendants guilty of gross negligence. The conduct of Defendants was in heedless and reckless disregard of the rights of the Plaintiff, and involved such an entire want of care as to indicate that it was a result of conscious indifference to Plaintiff's rights, welfare and safety. As a result of Defendants gross negligence, Plaintiff is entitled to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a) in such an amount as may be found to be proper under these facts and circumstances.

## I. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer and that upon final hearing hereon, Plaintiff recovers as follows:

a.      Actual damages within the jurisdictional limits of this Court;

b.      Exemplary damages;

c.      Pre-judgment and post-judgment interest as allowed by law;

d.      Costs of Court; and

e.      All such other and relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

MICAH L. SATTERWHITE
State Bar No. 24102463
msatterwhite@sloanfirm.com
SLOAN HATCHER PERRY RUNGE
ROBERTSON SMITH & JONES
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEY FOR PLAINTIFF